**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0673-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAFFEE AHMED,

     Defendant-Appellant.

_____

> Submitted January 10, 2018 – Decided September 18, 2018
>
> Before Judges Fuentes and Suter.
>
> On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 08-02-0367.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the brief).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Sarah E. Ross, Deputy Attorney General, of counsel and on the brief).

    The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Raffee Ahmed appeals from the order of the Criminal Part that denied his petition for post-conviction relief (PCR) without conducting an evidentiary hearing. We affirm.

On February 27, 2008, a Middlesex County grand jury returned an indictment against defendant charging him with second degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), third degree aggravated assault, N.J.S.A. 2C:12-1(b)(2), third degree possession of a knife for an unlawful purpose, N.J.S.A. 2C:39-4(d), and fourth degree unlawful possession of a knife, N.J.S.A. 2C:39-5(d). Defendant was tried before a jury over a five-day period commencing on June 7, 2011 and ending on June 14, 2011. The jury found defendant guilty on all of the charges in the indictment. On August 3, 2011, the trial judge sentenced defendant to an aggregate term of eight years with an eighty-five percent period of parole ineligibility, and three years parole supervision, as mandated under the No Early Release Act, N.J.S.A. 2C:43-7.2.

On defendant's direct appeal, we affirmed defendant's conviction and the ultimate sentence imposed by the trial court.[1] State v. RaffeeAhmed, A-2497-

---

[1] We remanded for the trial court to correct the Judgment of Conviction to reflect that the conviction for third degree possession of a knife for an unlawful purpose, N.J.S.A. 2C:39-4(d), merged with the conviction for second degree aggravated assault under N.J.S.A. 2C:12-1(b)(1). Id. at 22-23.

11 (App. Div. November 19, 2014). The Supreme Court denied defendant's petition for certification. State v. Ahmed, 221 N.J. 287 (2015). On July 15, 2015, defendant filed this PCR petition pro se arguing he received ineffective assistance from his trial and appellate counsel. The PCR judge assigned an attorney to represent defendant in the prosecution of this petition. The matter came for oral argument before the PCR judge on April 25, 2016. After considering the arguments of counsel, the judge denied defendant's petition without conducting an evidentiary hearing.

The PCR judge rejected defendant's argument that his trial and appellate counsel erred when they failed to raise the issue of "imperfect self-defense" to negate the "purposeful or knowing" mens rea required to commit second degree aggravated assault under N.J.S.A. 2C:12-1(b)(1). The judge did not find any rational basis to support raising this legal issue. The judge also found no factual support for defendant's claim that his trial counsel failed to properly investigate the evidence presented by the State. The judge memorialized his decision in an order entered May 12, 2016.

Defendant now appeals raising the following arguments:

POINT I

THE DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT

TO THE UNITED STATES CONSTITUTION AND ART. I. PAR. 10 OF THE NEW JERSEY CONSTITUTION.

> A. Trial Counsel Failed To Request Proper Defense Instructions.
>
> B. Trial Counsel Failed to Investigate the Facts.
>
> C. The Cumulative Effect of Counsel's Deficiencies Resulted in an Unfair Trial.

POINT II

THE DEFENDANT IS ENTITLED TO AN EVIDENTIAL HEARING.

We reject these arguments and affirm. We review a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987). First, defendant must demonstrate that defense counsel's performance was deficient. <u>Strickland</u>, 466 U.S. at 687. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

Applying these standards to the record developed before the PCR court, we are satisfied defendant has not presented a prima facie case of ineffective assistance of trial or appellate counsel. We will not restate here the evidence

A-0673-16T3

presented at defendant's trial that led to his conviction. Instead, we incorporate by reference the salient facts of the case as we described in our opinion affirming defendant's conviction on direct appeal. <u>Ahmed</u>, slip op. at 2-4. The record shows the State presented sufficient evidence establishing defendant's guilt beyond a reasonable doubt. By contrast, defendant did not present any competent evidence supporting his claims of ineffective assistance of trial counsel. In short, defendant's arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION